# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TROY DEWAYNE REDD,<br><br>  Petitioner,<br><br>vs.<br><br>JIM McKINNEY,<br><br>  Respondent. | No. C08-3064-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Troy Dewayne Redd was charged in Black Hawk County, Iowa, District Court with burglary in the first degree, robbery in the first degree, terrorism, pimping, assault with intent to commit serious injury, and false imprisonment. The charges arose from two incidents that took place in Waterloo, Iowa, on the evening of March 21, 1998. The first incident occurred on Arlington Street, and resulted in the terrorism, pimping, assault with intent to commit serious injury, and false imprisonment charges. The second incident occurred on Lincoln Street, and resulted in the burglary and robbery charges.

The trial judge severed the Arlington Street charges from the Lincoln Street charges for separate jury trials. The Lincoln Street charges were tried first, and Redd was convicted on both the burglary and the robbery charges. The Arlington Street charges were tried second, and Redd was convicted on the terrorism and assault charges.[1] He appealed only from his conviction for burglary and robbery (the Lincoln Street charges). His appeal was referred to the Iowa Court of Appeals. The court affirmed his conviction. *See State v. Redd*, 2000 WL 1724523 (Iowa Ct. App. Nov. 20, 2000) ("*Redd I*"). His application for further review by the Iowa Supreme Court was denied.

Redd filed an application for post-conviction relief ("PCR") in Black Hawk County District Court. After a bench trial, the application was denied. Redd appealed, and his

---

[1] The pimping and false imprisonment charges were dismissed.

appeal was referred to the Iowa Court of Appeals, which affirmed the denial of his application. *See Redd v. State*, 755 N.W.2d 144 (table), 2008 WL 2520850 (Iowa Ct. App. June 25, 2008) ("*Redd II*"). The Iowa Supreme Court denied his application for further review.

On December 31, 2008, Redd filed in this court a *pro se* application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. No. 4. The court granted his request for appointment of counsel, and attorney Jay E. Denne was appointed to represent him. Doc. No. 3. On February 3, 2009, the respondent ("the State") filed an amended motion for partial summary judgment. Doc. No. 14. The motion was referred to the undersigned for review and the submission of a report and recommended disposition. Doc. No. 12. On March 18, 2009, Redd filed a resistance to the motion. Doc. No. 21. The State filed a reply on March 23, 2009. Doc. No. 22. The undersigned held telephonic arguments on the matter on July 20, 2009. The petitioner appeared personally, and was represented by his attorney, Jay Denne. The State was represented by Assistant Attorney General Thomas Andrews. The motion now is fully submitted.

The factual background of the case was summarized by the Iowa Court of Appeals in its opinion on Redd's direct appeal, and again in its opinion on Redd's PCR appeal. *See Redd I and Redd II*. In a habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," absent rebuttal by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because Redd has not rebutted the factual findings made by the Iowa Court of Appeals, this court adopts them for purposes of this proceeding.

The Iowa Court of Appeals summarized the facts of the case as follows:[2]

> On the evening of March 21, 1998, Redd and Carmel Dolan went to a bar called Pat's Tap. While at the bar, Dolan

---

[2]These factual findings are from the appellate court's opinion in the PCR appeal, *Redd II*. These findings include all of the findings contained in the court's opinion in the direct appeal, *Redd I*, together with some additional findings.

observed Redd talking to and playing pool with another man. Later in the evening, Dolan and Redd returned to Dolan's apartment on Arlington Street in Waterloo. Redd became angry with Dolan's neighbor, Bill Pierce, because Pierce spent several hours that day with Dolan in her apartment. Redd told Dolan he was going to call his "brother-in-law." She overheard Redd tell the person on the phone to "bring the gun because he was going to kill Bill." Approximately fifteen minutes later, the same man Dolan saw with Redd in Pat's Tap arrived at her apartment with a shotgun. Redd and the other man went up to Pierce's apartment. Several shots were fired through Pierce's front door. Pierce was inside his apartment at the time. Redd and the other man then fled the scene.

Later the same evening, Redd and Cletus Johnson were together at the Jet Lounge in Waterloo, Iowa. Two women, Larsie Epps and Rebecca Worth, joined them at the bar, and after several minutes the four returned to Epps's apartment on Lincoln Street in Waterloo. Worth and her boyfriend, Shawn Nosko, lived across the hallway from Epps in another apartment. Nosko was sleeping in his apartment when Johnson, Redd, Epps, and Worth returned to the building. At some point, Nosko entered the hallway and overheard Worth make a comment to Redd and Johnson that he interpreted to be sexual in nature and made him jealous. Nosko said "Fuck you, bitch" to Worth and returned to his apartment. Johnson and Redd then entered Nosko's apartment, assaulted both Nosko and Worth, and robbed Nosko at gunpoint. Redd and Johnson were arrested later; however, the gun was never recovered.

The district court severed the burglary and robbery charges (Lincoln Street incident) from the other charges (Arlington Street incident). Redd filed a motion in limine seeking to exclude all evidence of the Arlington Street incident at the trial concerning the Lincoln Street incident. The district court's ruling excluded some of the evidence, including "the shooting through a door. . . ." Nonetheless, the State offered the testimony of three witnesses – Officer Richard Gehrke, Pierce, and Dolan – who testified bullet holes were found in Pierce's door or were shot through his door. Redd was found guilty of

> and sentenced for these two charges. He was later found guilty of and sentenced for terrorism and assault.
>
> On direct appeal, Redd's appellate counsel argued "trial counsel was ineffective for failing to object to Officer Gehrke's testimony regarding the bullet holes in Pierce's door on the grounds the evidence was inadmissible based on the district court's ruling on the motion in limine." *State v. Redd*, No. 99-0686 (Iowa Ct. App. Nov.20, 2000). We rejected this claim because "there is no prejudice from admission of evidence where substantially the same evidence is elsewhere in the record without objection" – that is, the testimony of the other two State's witnesses – and affirmed Redd's convictions. *Id*.
>
> Redd filed an application for postconviction relief, claiming his appellate counsel was ineffective for failing to argue the other two State's witnesses also testified in violation of the district court's ruling on the motion in limine. The district court's May 9, 2007 ruling found Redd failed to show prejudice and denied his application.

*Redd II*, 2008 WL 2520850 at *1.

In his direct appeal, Redd asserted five claims: "(1) his right to a speedy trial was violated; (2) he was prejudiced by the court's failure to hear his pro se motion to dismiss; (3) the court erred in refusing to fully grant and enforce his motion in limine; (4) the court improperly allowed evidence of prior bad acts; and (5) he was provided ineffective assistance of counsel." *Redd I*, 2000 WL 1724523 at *1. The Iowa Court of Appeals denied the first four claims on state-law grounds, and denied the ineffective assistance of counsel claim after applying the standards of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984)). Redd sought further review by the Iowa Supreme Court on Issues (1), (3), and (4), but his request for review was denied.

Redd filed an application for postconviction relief asserting that both his trial counsel and appellate counsel were ineffective. The district court dismissed the claim that trial counsel was ineffective. After a hearing, the district court ruled against Redd on his

4

claim that his appellate counsel was ineffective. Redd appealed the ruling that his appellate counsel was ineffective, and the appeal was denied by the Iowa Court of Appeals. *Redd II*, 2008 WL 2520850 at *2. Redd sought further review by the Iowa Supreme Court, but further review was denied.

In his petition to this court, Redd has asserted four grounds for relief: (1) his trial and appellate counsel were ineffective; (2) he was denied a speedy trial; (3) he was denied his right to a fair trial because the trial court failed to enforce its ruling on a motion in limine; and (4) he was denied a fair trial.[3] *See* Doc. No. 4. In its motion for partial summary judgment, the State concedes that part of claim (1) is properly before this court, but argues the remaining claims have not been properly exhausted. Doc. No. 14-3, at 4.

In *Frey v. Schuetzle*, 151 F.3d 893 (8th Cir. 1998), the court explained:

> Before a federal court may reach the merits of a claim in a habeas petition by a state prisoner, it "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curium*); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotations omitted).

*Id.*, 151 F.3d at 897. In *Middleton v. Roper*, 455 F.3d 838 (8th Cir. 2006), the court held:

> To satisfy the "fairly present" requirement, [a petitioner] must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional

---

[3]These claims are described more fully in "Addendum 'A'" to the petition, which erroneously was inserted in this court's docket as pages 6-10 of Doc. No. 4-3.

5

> issue in the Missouri state court." [*Abdullah v. Groose*, 75 F.3d 408,] 411-12 [(8th Cir. 1996)] (internal quotation omitted); *see*, *e.g.*, *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (holding "habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review" (citation omitted)).

*Middleton*, 455 F.3d at 855.

During oral argument, the issues being presented to this court were clarified. Redd conceded that his claim (4) is, in reality, the same as his claim (3), and both claims are based on the failure of the trial court to enforce its ruling on the motion in limine. Thus, the issues before the court in the case are: (1) whether trial and/or appellate counsel were ineffective; (2) whether the state charges against Redd should have been dismissed because he was denied a speedy trial; and (3) whether Redd was denied his right to a fair trial because the trial court failed to enforce its ruling on a motion in limine.

At oral argument, the State conceded that part of claim (1) has been properly exhausted; that is, the claim that trial counsel and appellate counsel were ineffective in failing to object to the admission of the "bullet" evidence on the basis of trial court's ruling on the motion in limine. Redd and his counsel conceded that none of the remaining claims or issues was properly presented in state court.[4] The parties agreed that only one issue is properly before this court; i.e., Redd's claim that trial and appellate counsel were ineffective in failing to object to the admission of the "bullet" evidence in the Lincoln Street trial on the basis of the trial court's ruling on the motion in limine. The parties also agreed that the remaining issues have not been exhausted and should be dismissed.

Accordingly, the undersigned recommends the State's motion for partial summary judgment be **granted**.

---

[4]In fact, in a previous habeas case filed by Redd in this court, he stipulated to the entry of summary judgment on claims identical to claims (2) and (3) because they never were raised in state court as federal constitutional claims. *See* Doc. No. 18 in C01-2025-MJM (Order of Judge Michael J. Melloy dated Aug. 7, 2001).

6

## IV. CONCLUSION

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[5] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that State's partial motion for summary judgment (Doc. No. 14) be **granted**.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2009.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[5]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).