# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TROY DEWAYNE REDD,<br><br>      Petitioner,<br><br>vs.<br><br>JIM McKINNEY,<br><br>      Respondent. | No. C 08-3064-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

This petition for *habeas* relief pursuant to 28 U.S.C. § 2254 by a prisoner in state custody comes before the court pursuant to the July 20, 2009, Report and Recommendation On Motion For Partial Summary Judgment (docket no. 27) filed by Chief United States Magistrate Judge Paul A. Zoss. In his Report and Recommendation, Judge Zoss notes that the parties now agree that only one issue is properly before this court, in light of the respondent's contentions in his amended motion for partial summary judgment that some of petitioner Redd's claims had not been fairly presented to the state courts and, thus, were not exhausted. That claim is Redd's claim that his trial and appellate counsel were ineffective in failing to object to the admission in one of his criminal trials of "bullet" evidence relating to charges in a separate criminal trial on the basis of the trial court's ruling on his motion in limine. Judge Zoss notes that the parties also agree that the remaining issues have not been exhausted and should be dismissed. Therefore, Judge Zoss recommends that the respondent's motion for partial summary judgment be granted. No party filed timely objections to Judge Zoss's July 20, 2009, Report and Recommendation.

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In the absence of any objections from the parties, the court finds no clear error or other deficiency in Judge Zoss's recommended disposition of the respondent's amended motion for partial summary judgment. *Id.* Consequently, the court concludes that it should accept Judge Zoss's Report and Recommendation. 28 U.S.C. § 636(b)(1) (2006) (the court may accept, reject, or modify the report and recommendation); *see* FED. R. CIV. P. 72(b) (same).

THEREFORE, the July 20, 2009, Report and Recommendation On Motion For Partial Summary Judgment (docket no. 27) is **accepted**, the respondent's February 3, 2009, Amended Motion For Partial Summary Judgment (docket no. 14) is **granted**, and all claims in Redd's petition other than his claim of ineffective assistance of trial and appellate counsel described above are **dismissed** as unexhausted.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA