**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

TROY REDD,

            Petitioner,

vs.

JIM MCKINNEY,

            Respondent.

No. C 08-3064-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION ON
PETITION FOR WRIT OF HABEAS
CORPUS**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. State Court Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      *1. Criminal proceedings* . . . . . . . . . . . . . . . . . . . . . . . . 4
      *2. Post-conviction relief proceedings* . . . . . . . . . . . . . . . . 8
   *C. Federal Court Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . 8

*II. LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
   *B. Standards for § 2254 Relief* . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
   *A. Irrelevance Of The State Appellate Court's Decision* . . . . . . . . . . . 17
      *1. Redd's objection* . . . . . . . . . . . . . . . . . . . . . . . . . 17
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   *B. Sufficiency Of The Pretrial Ruling To Sustain A Later Objection* . . . . 19
      *1. Redd's objection* . . . . . . . . . . . . . . . . . . . . . . . . . 19
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    **C.** **Sufficiency Of The Relevance And Prejudice Objection** . . . . . . . . . . . 21
        **1.** *Redd's objection* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
        **2.** *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    **D.** **Failure To Consider Performance Of Appellate Counsel** . . . . . . . . . . 23
        **1.** *Redd's objection* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
        **2.** *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## I. INTRODUCTION

Petitioner Troy Redd's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Petition) (docket no. 4) is before the court on Redd's Objections (docket no. 39) to a Report and Recommendation (docket no. 38) by Chief United States Magistrate Judge Paul A. Zoss recommending that Redd's Petition be denied. Respondent Jim McKinney filed no objections to the Report and Recommendation and no response to Redd's Objections. The court now considers whether to accept, reject, or modify Judge Zoss's Report and Recommendation in light of Redd's Objections.

### A. Factual Background

In his Report and Recommendation, Judge Zoss noted,

> The Iowa Court of Appeals summarized the facts of the case as follows [in its ruling on Redd's appeal of the denial of his state petition for post-conviction relief]:
>
> > On the evening of March 21, 1998, Redd and Carmel Dolan went to a bar called Pat's Tap. While at the bar,

Dolan observed Redd talking to and playing pool with another man. Later in the evening, Dolan and Redd returned to Dolan's apartment on Arlington Street in Waterloo. Redd became angry with Dolan's neighbor, Bill Pierce, because Pierce spent several hours that day with Dolan in her apartment. Redd told Dolan he was going to call his "brother-in-law." She overheard Redd tell the person on the phone to "bring the gun because he was going to kill Bill." Approximately fifteen minutes later, the same man Dolan saw with Redd in Pat's Tap arrived at her apartment with a shotgun. Redd and the other man went up to Pierce's apartment. Several shots were fired through Pierce's front door. Pierce was inside his apartment at the time. Redd and the other man then fled the scene.

Later the same evening, Redd and Cletus Johnson were together at the Jet Lounge in Waterloo, Iowa. Two women, Larsie Epps and Rebecca Worth, joined them at the bar, and after several minutes the four returned to Epps's apartment on Lincoln Street in Waterloo. Worth and her boyfriend, Shawn Nosko, lived across the hallway from Epps in another apartment. Nosko was sleeping in his apartment when Johnson, Redd, Epps, and Worth returned to the building. At some point, Nosko entered the hallway and overheard Worth make a comment to Redd and Johnson that he interpreted to be sexual in nature and made him jealous. Nosko said "Fuck you, bitch" to Worth and returned to his apartment. Johnson and Redd then entered Nosko's apartment, assaulted both Nosko and Worth, and robbed Nosko at gunpoint. Redd and Johnson were arrested later; however, the gun was never recovered.

[*Redd v. State*, 755 N.W.2d 144 (table op.) (*Redd II*)], 2008 WL 2520850, *1 [(Iowa Ct. App. June 25, 2008)].

Report and Recommendation at 2-3.

## B. State Court Proceedings

### 1. Criminal proceedings

Redd was charged in Iowa District Court for Blackhawk County with various charges arising from the two incidents on the evening of March 21, 1998. The first incident, the Arlington Street incident, resulted in terrorism, pimping, assault with intent to commit serious injury, and false imprisonment charges. The second incident, the Lincoln Street incident, resulted in burglary and robbery charges.

The trial judge severed the Arlington Street charges from the Lincoln Street charges, and set a jury trial on the Lincoln Street charges first. As Judge Zoss noted in his Report and Recommendation:

> Before the Lincoln Street trial, the attorney for Redd's co-defendant filed a motion in limine seeking to exclude evidence pertaining to the Arlington Street incident. At the hearing on the motion, Redd's counsel joined in the motion, stating, "[W]e would join in the attempt to prevent discussions of the incident at the Arlington Street location from being admitted at trial." Doc. No. 33, State's Appendix ("State App."), p. 4. Counsel argued, "[M]y client would be prejudiced in the sense that he would be required to meet these allegations in front of this jury at the same time while not being on trial for them and in essence being put in the position trying those facts twice. That would put him at a substantial disadvantage and the State at a substantial advantage." *Id.*, pp. 4-5. The trial judge ruled on the motion as follows:
>
> > It's going to be an issue of who the jury believes, it appears, although I don't know what specifically the defendants will be asserting. Whether the defendants have different versions of what occurred on Arlington Street, I guess it's up to them. But this isn't a trial to

determine if somebody is guilty or not guilty of that particular count because that will be tried at a later time. The only issue is whether the evidence will be admissible. I will rule now that that will be admissible, and the State can inquire into it as far as those witnesses seeing a gun and what was found as far as shell casings. I'm not going to allow the State to go into - allow the State to show that there were shots fired, at least one or two. I don't know what the evidence will show. I think it is more prejudicial to show that a dog was shot, but I'm not sure what exactly the State intends to elicit from these witnesses. I suppose you want to elicit everything, but I'm not going to allow everything. I'm not going to allow the shooting through a door into evidence in this case, but I will allow you to show that there was a gun, and the individuals had the gun and that there were some kinds of flirtation with the individuals involving the gun and that shots were fired. . . . When we get to the time of trial and—Prior to trial I guess I want counsel to indicate, after you've had a chance to think about it, what the State intends to be asking the witnesses and what is going to be stated in opening statement, and the Court can rule in more fine detail at that time. I will also advise the jury at that time that the evidence is not to show that the individuals were of bad character or—I'm not sure what the evidence will show, but rather it is to prove a specific matter.

*Id.*, pp. 10-11.

During trial, Officer Gehrke testified as follows about the scene of the Arlington Street incident:

Q (PROSECUTOR): And did you observe anything with regard to that door?

A (GERKE): Yes, I did.

Q: What did you observe?

A: There was a hole in it.

Q. All right. I'm showing you what's marked as State's Exhibit No. 32. Does this photograph fairly and accurately depict how that hole would have looked to you when you seen it on March 21st?

A. Yes, it does.

PROSECUTOR: At this time we will offer State's Exhibit 32.

* * *

REDD'S ATTORNEY: Object on the grounds it's not 470 relevant and its prejudicial value exceeds any probative values, and on the grounds of 404(b).

COURT: It's marked as 32?

PROSECUTOR: Yes.

COURT: Well, I will receive it; but we're going to have to remark it. There is another exhibit previously marked as 32. Let's make it 32A.

PROSECUTOR: All right.

COURT: I will take the objections to 32A. The objections are overruled, and 32A is received into evidence.

Direct Appeal Appendix ("DA App."), pp. 65-66.

Report and Recommendation at 3-5.

Judge Zoss also noted the following in his Report and Recommendation:

Carmel Dolan and Bill Pierce also were called by the State at the Lincoln Street trial to testify about the Arlington Street incident. DA App., pp. 67-84. Dolan testified that earlier on the day of the two incidents, her neighbor, Bill Pierce, had visited with her in her Arlington Street apartment. *Id.*, pp. 71-72. When she and Redd arrived at her apartment later that evening, Redd learned Pierce had been in the apartment earlier that day, and he became upset. He called someone on the telephone and asked the person to bring a gun so he could kill Pierce. A short time later, a man arrived with a shotgun. *Id.*, pp. 73-78.

Redd's attorney objected to this testimony, but the trial judge overruled the objection, and instructed the jury as follows:

> Ladies and gentlemen, you're going to hear some evidence along this line from this witness and the next witness as well as you heard it from the officer. And the reason for admitting this evidence is to show specific items; and the Court has allowed it to show motive, identity, state of mind, a common course of conduct. You will be instructed on that at a later time.
>
> It is not to show that a person is a bad character or a bad person but rather for those specific traits that I've referred to you. So when you hear this testimony, that is the reason it's being received and being permitted to be presented to you. Please keep that in mind during the next two witnesses, and for the police officer, who will testify to it.

*Id.*, pp. 77-78. Dolan then testified Redd and the other man went upstairs to Pierce's apartment, and she heard them yelling that they were going to kill Pierce. She heard a gunshot, and a short time later, she heard a second gunshot. *Id.*, pp. 80-81. Pierce testified that he was in his bedroom when he heard someone yelling at him, and he then heard two gunshots. *Id.*, pp. 83-84.

Report and Recommendation at 5-6.

The jury convicted Redd of burglary and robbery after the trial on the Lincoln Street charges. In the subsequent jury trial on the Arlington Street charges, another jury convicted Redd of terrorism and assault. Redd appealed only from his conviction on the Lincoln Street charges. His appeal was referred to the Iowa Court of Appeals, which affirmed his conviction. *See State v. Redd*, 2000 WL 1724523 (Iowa Ct. App. Nov. 20, 2000) (*Redd I*). Redd's application for further review by the Iowa Supreme Court was denied.

7

### 2. *Post-conviction relief proceedings*

Redd filed an application for post-conviction relief (PCR) in Iowa District Court for Blackhawk County. After a bench trial, the court denied Redd's application. Redd appealed. His appeal again was referred to the Iowa Court of Appeals, which affirmed the denial of his application. *See Redd v. State*, 755 N.W.2d 144 (table), 2008 WL 2520850 (Iowa Ct. App. June 25, 2008) (*Redd II*). The Iowa Supreme Court denied Redd's application for further review.

## C. Federal Court Proceedings

On December 31, 2008, Redd filed his *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (docket no. 4) with this court. In his Petition, Redd asserted the following claims: (1) ineffective assistance of all lawyers associated with the case; (2) violation of his speedy trial rights and failure to consider his *pro se* motion for dismissal for violation of those rights; (3) violation of the ruling on his motion in limine; (4) and denial of a fair trial. By Order (docket no. 6), dated January 9, 2008, the court appointed counsel to represent Redd. On January 30, 2009, respondent Jim McKinney filed a Response To Petition For Writ Of Habeas Corpus (docket no. 10), denying Redd's claims.

On January 30, 2009, the respondent also filed a Motion For Partial Summary Judgment (docket no. 9), asserting that all of Redd's claims, with the exception of his claim of ineffective assistance of appellate counsel, were procedurally defaulted. The respondent later was granted leave to amend his Motion For Partial Summary Judgment to correctly reflect that a timely application for further review was apparently filed in Redd's direct appeal, and filed his Amended Motion For Partial Summary Judgment (docket no. 14) on February 3, 2009.

By order (docket no. 12), dated February 3, 2009, the court ordered that the case be referred to Chief United States Magistrate Judge Paul A. Zoss for a Report and Recommendation. On July 20, 2009, Judge Zoss filed his Report and Recommendation On Motion for Summary Judgment (docket no. 27), in which he recommended that the respondent's Motion For Partial Summary Judgment be granted. By Order Accepting Report And Recommendation (docket no. 28), dated August 10, 2009, the court accepted Judge Zoss's Report and Recommendation, granted the respondent's Motion For Partial Summary Judgment, and dismissed as unexhausted all of Redd's claims other than his claims of ineffective assistance of trial and appellate counsel.

Redd filed his Petitioner's Brief (docket no. 31) in support of his remaining claims of ineffective assistance of counsel on September 21, 2009. Redd asserted that trial counsel was ineffective in the trial on the Lincoln Street charges for failing to object to some of the prosecution's evidence on the ground that it violated the trial court's pretrial ruling on Redd's motion in limine concerning the Arlington Street incident. Redd also asserted that appellate counsel was ineffective in failing to raise trial counsel's failure to object to the violation of the motion in limine ruling. The respondent filed a responsive Brief On The Merits (docket no. 32) on October 20, 2009. After an extension of time to do so, Redd filed a Reply Brief (docket no. 36) on November 30, 2009.

On March 16, 2010, Judge Zoss filed a thorough and comprehensive Report And Recommendation On Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (docket no. 38). In his Report and Recommendation, Judge Zoss concluded that Redd failed to show that the ruling of the Iowa Court of Appeals, which found no ineffective assistance of trial or appellate counsel, was unreasonable. More specifically, Judge Zoss concluded that the Iowa Court of Appeals reasonably ruled that the Arlington Street evidence was admissible in the trial on the Lincoln Street charges over trial counsel's

relevance and prejudice objections and that the trial judge's ruling on the motion in limine was far too ambiguous to support a separate objection to the admission of the Arlington Street evidence on the ground that the evidence violated the motion in limine ruling.

In short, Judge Zoss concluded that Redd had not established that the Iowa Court of Appeals was unreasonable in deciding that it would have made no difference in the outcome of the trial if Redd's trial counsel had raised an objection to the admission of the Arlington Street evidence based on the trial court's ruling on the motion in limine. For the same reasons, Judge Zoss concluded that Redd had not established that the Iowa Court of Appeals was unreasonable in deciding that it would have made no difference in the outcome of the appeal if Redd's appellate counsel had argued that trial counsel was ineffective.

For these reasons, Judge Zoss recommended that Redd's Petition be denied.

Redd filed timely Objections (docket no. 39) to Judge Zoss's Report And Recommendation on March 30, 2010. The respondent did not file any objections, nor respond to Redd's objections.

## II. LEGAL STANDARDS

### A. Standard Of Review

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been

made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record.").

Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring

objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the

magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, when no objection has been made, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation to which no objection is made or when no timely objections of any kind are made. *See Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").[1]

_____

[1] The Eighth Circuit Court of Appeals does not apply precisely the same standard of review on an appeal of a matter originally referred to a magistrate judge. Instead, the Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to

(continued...)

## B.  Standards for § 2254 Relief

Section 2254 of Title 28, including § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, govern Redd's petition.  Section 2254(a) states,

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States.

28 U.S.C. § 2254(a).  Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[1](…continued)
the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error").  An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation.  *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))).  In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation.  *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.'  We review the district court's legal conclusions de novo." (citation omitted)).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In this case, Redd's claim is governed primarily by § 2254(d)(1). The United States Supreme Court has explained the scope of this provision, as follows:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States.*"

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1), with emphasis added by the Court in *Williams*). The Court then explained that an "unreasonable application" of federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002) ("[A]n unreasonable application is different from an incorrect one."). "In other words, a federal court may not grant the petition unless the state-court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005).

## III. ANALYSIS

Redd asserts several objections to Judge Zoss's Report and Recommendation. The court will consider each of Redd's objections in turn.

### A. Irrelevance Of The State Appellate Court's Decision

#### 1. Redd's objection

Redd states that his "primary objection" is to Judge Zoss's conclusion that he has not established that the Iowa Court of Appeals was unreasonable in deciding that it would have made no difference to the outcome of the trial on the Lincoln Street charges if his trial counsel had raised an objection to the admission of the Arlington Street evidence based on the trial court's ruling on the motion in limine. He contends that Judge Zoss's conclusion misses the point, because his claim is that, if trial counsel had made an objection based on the motion in limine ruling, there is a reasonable probability that the trial court would have excluded the evidence, with a further reasonable probability that the outcome of the trial would have been different. He contends that the subsequent ruling of the Iowa Court of Appeals that the challenged evidence was admissible has no relevance whatsoever to the reasonableness of trial counsel's actions during the trial, because the

sufficiency of his trial counsel's performance in light of the favorable pretrial ruling excluding evidence does not depend on a showing that the opinion of the Iowa Court of Appeals was unreasonable.

## 2.    *Analysis*

Redd's first objection misses the point. Pursuant to § 2254(d), quoted in full above, the question on any claim that Redd has exhausted in state court is precisely whether the state court made a decision that was contrary to, or involved unreasonable application of, federal law, or made a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Thus, the decision of the Iowa Court of Appeals on the admissibility of the Arlington Street evidence in the trial on the Lincoln Street charges, and counsel's purported ineffectiveness in failing to challenge that evidence in light of the ruling on the motion in limine, is entirely relevant. Moreover, Redd's contention that the decision of the Iowa Court of Appeals is "irrelevant" is, effectively, a concession that he did not exhaust his present claims as required by § 2254(b).[2] Redd cannot have it both ways, asserting that his claims are exhausted, but that the decision of the Iowa Court of Appeals on those claims is "irrelevant." Redd either did or did not exhaust his present claims of ineffective assistance of counsel. If he did not,

---

[2]Section 2254(b) provides as follows:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>> **(B)(i)** there is an absence of available State corrective process; or
>> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

then those claims are barred.  If he did, then Judge Zoss correctly considered whether or not the decision of the Iowa Court of Appeals on those claims was reasonable.

Upon *de novo* review, this court finds that the decision of the Iowa Court of Appeals does not involve either (1) correct identification of the correct governing legal rule from United States Supreme Court cases, but unreasonable application of that rule to the facts in Redd's case, or (2) unreasonable extension or refusal to extend a legal principle from United States Supreme Court precedent to the context of Redd's ineffective assistance claim.  *Williams*, 529 U.S. at 407 (the standards for relief pursuant to 28 U.S.C. § 2254(d)(1)).  Nor, for that matter, was it an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(2).  For the reasons explained in more detail in Section III.B., below, an objection by counsel based on the motion in limine ruling would not have been the least bit likely to alter the outcome of either the trial court's ultimate ruling on the admissibility of the challenged evidence or the outcome of the trial.

Redd's first objection is overruled.

### B.  *Sufficiency Of The Pretrial Ruling To Sustain A Later Objection*

### 1.  *Redd's objection*

Redd's next objection is a corollary to his first:  Redd asserts that Judge Zoss's characterization of the trial court's pretrial ruling is erroneous, because the trial judge explicitly ruled that he was not going to allow two highly prejudicial aspects of the Arlington Street incident to be admitted at the trial on charges arising from the Lincoln Street incident:  (1) that shots were fired, and (2) that the shots were fired through the door.  He contends that these rulings were not subject to the trial judge's reference to the "fine details" to be determined at trial.  Redd argues that it should have been clear to trial

counsel, in light of the pretrial ruling, that those aspects of the Arlington Street incident would not be admitted, even if other aspects of that incident were admissible.

### 2. *Analysis*

This objection fares no better than the first. Upon *de novo* review, this court agrees with Judge Zoss's conclusion that the trial judge's ruling on the motion in limine was far too ambiguous to support a separate objection to the admission of the Arlington Street evidence on the ground that the evidence violated the motion in limine ruling.

Contrary to Redd's characterization, the trial court did not rule definitively that two highly prejudicial aspects of the Arlington Street incident would not be admitted at the trial on charges arising from the Lincoln Street incident: (1) that shots were fired, and (2) that the shots were fired through the door. The state trial judge initially stated, "I'm not going to allow the State to go into—allow the State to show that there were shots fired, at least one or two," but then apparently reversed himself a moment later, when he stated, "I will allow you to show that there was a gun, and the individuals had the gun and that there were some kinds of flirtation with the individuals involving the gun and that shots were fired." Doc. No. 33, State's Appendix ("State App."), 10-11. The state trial judge also initially stated, "I'm not going to allow the shooting through a door into evidence in this case," but then apparently reversed himself a moment later, when he stated, "When we get to the time of trial and—Prior to trial I guess I want counsel to indicate, after you've had a chance to think about it, what the State intends to be asking the witnesses and what is going to be stated in opening statement, and the Court can rule in more fine detail at that time." *Id.* In light of these apparently inconsistent or equivocal statements, it was not unreasonable for the Iowa Court of Appeals to conclude that counsel did not provide ineffective assistance by failing to object to the Arlington Street evidence on the basis of the ruling on the motion in limine. *See* 28 U.S.C. § 2254(d)(2) (allowing relief if the

state's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

Redd's second objection is also overruled.

### C. Sufficiency Of The Relevance And Prejudice Objection

#### 1. Redd's objection

Next, Redd asserts that Judge Zoss erred in concluding that trial counsel had lodged an adequate relevance and prejudice objection to the Arlington Street evidence, when such evidence was presented. Redd asserts that the record shows that trial counsel allowed testimony by witnesses Pierce and Dolan to go by without any objection at all, let alone an objection that some of their testimony violated the trial court's ruling on the motion in limine. Redd argues that there is not the merest hint that his trial counsel relied on "strategy" as the basis for failing to object to the evidence in question or to do so on the ground that admission of such evidence would violate the ruling on the motion in limine.

In the same vein, Redd argues that the Report and Recommendation is erroneous, because it fails to conclude that he suffered prejudice as the result of the ineffective assistance of trial and appellate counsel. Specifically, he contends that the Iowa Court of Appeals unreasonably concluded that there was "overwhelming" evidence of his guilt based, in part, on evidence that should have been excluded pursuant to the ruling on the motion in limine. Thus, he contends that the improperly admitted evidence, to which counsel failed to make any or adequate objections, undoubtedly prejudiced his defense.

#### 2. Analysis

Judge Zoss concluded that the Iowa Court of Appeals reasonably ruled that the Arlington Street evidence was admissible in the trial on the Lincoln Street charges over trial counsel's relevance and prejudice objections, but that even if counsel performed

deficiently by not objecting to the evidence on the grounds now asserted by Redd, Redd had failed to show any prejudice. Upon *de novo* review, the undersigned agrees with Judge Zoss.

As Judge Zoss noted, a court is not required to address the performance and prejudice prongs of the ineffective assistance analysis in any particular order, *Strickland v. Washington*, 466 U.S. 668, 697 (1984), and may dispose of a claim on "prejudice" grounds, if it is easier to do so. *Tokar v. Bowersox*, 198 F.3d 1039, 1046 (8th Cir. 1999) (citing *Strickland*). As Judge Zoss pointed out, the Iowa Court of Appeals ruled as follows: "We conclude the Arlington Street evidence was relevant to show it was more likely the Lincoln Street incident was committed with a shotgun by Redd. The evidence is also relevant to the issues of identity, intent, and motive." *Redd I*, 2008 WL 2520850 at * 3. The state court further ruled that "the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id.* at *4. Under this ruling, the Arlington Street evidence, including the testimony of Dolan and Pierce, to which counsel made no objection at all, was admissible at the Lincoln Street trial, and Redd has not demonstrated that this ruling was unreasonable. Thus, as an *evidentiary* matter, Redd was not prejudiced by the admission of the Arlington Street evidence.

Even on the somewhat different question of "prejudice" from counsel's allegedly deficient performance, the Iowa Court of Appeals did not unreasonably conclude that Redd was not prejudiced by counsel's performance, in light of overwhelming *admissible* evidence against him. *See Redd II*, 2008 WL 2520850 at *2. The Iowa Court of Appeals properly concluded that the Arlington Street evidence was admissible, then properly concluded that the admissible evidence against Redd was "overwhelming," so that there was no prejudice from counsel's failure to object to the *admissible* evidence.

These objections are also overruled.

### D.  Failure To Consider Performance Of Appellate Counsel

#### 1.    Redd's objection

Finally, Redd contends that the Report and Recommendation is clearly erroneous, because it fails to analyze the performance of his appellate counsel.  Redd argues that, although appellate counsel raised issues of ineffective assistance of trial counsel, based on failure to object to testimony by Officer Gerhke in violation of the motion in limine ruling, appellate counsel failed to argue that trial counsel was ineffective in failing to object adequately to the testimony of Pierce and Dolan.  He contends that appellate counsel's failure was error, because it allowed the Iowa Court of Appeals to conclude that any error in the admission of the Arlington Street evidence through Officer Gehrke's testimony was harmless, because of other evidence in the record that was not challenged on appeal.

#### 2.    Analysis

Redd's contention that Judge Zoss did not analyze the performance of his appellate counsel is simply wrong.  Judge Zoss concluded, in part, as follows:

> Redd has not established that the Iowa Court of Appeals was unreasonable in deciding it would have made no difference in the outcome of the trial if Redd's trial counsel had raised an objection to the admission of the Arlington Street evidence based on the trial court's ruling on the motion in limine.  For the same reasons, Redd has not established that the Iowa Court of Appeals was unreasonable in deciding it would have made no difference in the outcome of the appeal if Redd's appellate counsel had argued that trial counsel was ineffective.

Report and Recommendation at 18.  Thus, Judge Zoss did expressly consider—if somewhat briefly—whether appellate counsel was also ineffective.

Moreover, the Iowa Court of Appeals reasonably rejected Redd's contention that appellate counsel performed deficiently by failing to assert that trial counsel was ineffective

for not objecting to the testimony of Pierce and Dolan. In *Redd II*, the Iowa Court of Appeals concluded that Redd's claim of ineffective assistance of appellate counsel failed, because Redd could not show that he was prejudiced, even if appellate counsel performed deficiently, in light of the overwhelming evidence against Redd. *Redd II*, 2008 WL 2420850 at *2. The Iowa Court of Appeals properly concluded that the Arlington Street evidence was admissible, then properly concluded that the admissible evidence against Redd was "overwhelming," so that there was no prejudice from appellate counsel's failure to assert a claim based on trial counsel's failure to object to the *admissible* evidence.

This last objection is also overruled.

## IV. CONCLUSION

Upon the foregoing, Redd's March 30, 2010, Objections (docket no. 39) are **overruled**; the court **accepts** Judge Zoss's March 16, 2010, Report and Recommendation (docket no. 38); and Redd's December 31, 2008, Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Petition) (docket no. 4) is, consequently, **denied**. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 23rd day of August, 2010.

_Mark W. Bennett_
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA