# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

TROY REDD,

             Petitioner,

vs.

JIM MCKINNEY,

             Respondent.

No. C 08-3064-MWB

**ORDER REGARDING
CERTIFICATE OF APPEALABILITY**

———————————

In a Memorandum Opinion And Order Regarding Magistrate Judge's Report And Recommendation On Petition For Writ Of Habeas Corpus (docket no. 40), filed on August 23, 2010, I overruled petitioner Redd's objections to and accepted the Report And Recommendation of Chief United States Magistrate Judge Paul A. Zoss and, consequently, denied Redd's December 31, 2008, Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (docket no. 4). I directed that judgment enter accordingly, and a Judgment (docket no. 41) was entered the same day. Without seeking a certificate of appealability from this court, Redd filed a Notice Of Appeal (docket no. 42) on September 17, 2010.

This case is before the court on the September 22, 2010, Order issued by the United States Court of Appeals for the Eighth Circuit on Redd's appeal (docketed in this case as docket no. 44), remanding Redd's appeal to this court for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997), with directions that, if granted, the certificate of appealability specify the issue or issues that are to be considered on appeal. The court finds no reason to await a submission by Redd of issues on which he believes

that a certificate of appealability should issue, as the court finds that there are no such issues.

More specifically, the requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court. . . .

28 U.S.C. § 2253(c)(1)(A); *accord* FED. R. APP. P. 22(b). In *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997), the Eighth Circuit Court of Appeals held that "judge" in this provision "must include district judges," so that, "under AEDPA district courts possess the authority to issue certificates of appealability under Section 2253(c) and Fed. R. App. P. 22(b)." *Tiedeman*, 122 F.3d at 522.

To obtain a certificate of appealability on claims for § 2254 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in its Memorandum Opinion And Order denying Redd's Petition, the court finds that Redd has not made a substantial showing of the denial of a constitutional right on his § 2254 claims.  *See* 28 U.S.C. § 2253(c)(2).  Specifically, there is no showing that reasonable jurists would find this court's assessment of Redd's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently.  *Cox*, 133 F.3d at 569.  Therefore, Redd does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case.  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).  Indeed, had Redd requested a certificate of appealability prior to filing his Notice Of Appeal, this court would have denied that request.

A certificate of appealability is **denied** in this case as to any issue presented.

**IT IS SO ORDERED.**

**DATED** this 24th day of September, 2010.

*Mark W. Bennett*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA